UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>ENERDEL, INC., A DELAWARE CORPORATION<br><br>Debtor. | Chapter 7<br><br>Case No. 23-02996-RLM-7 |

**TRUSTEE'S MOTION TO SELL PROPERTY FREE AND CLEAR OF ANY INTEREST BY PRIVATE SALE TO CUBERG, INC.**

Sarah L. Fowler ("**Trustee**"), as Chapter 7 Trustee for the bankruptcy estate of EnerDel, Inc., a Delaware Corporation ("**Debtor**"), by counsel and pursuant to 11 U.S.C. § 363(b) and (f), Fed. R Bankr. P. 6004, and S.D. Ind. B-6004-2, respectfully requests the Court enter an Order authorizing the sale of the Equipment (as defined herein) by private sale free and clear of all liens, encumbrances, claims and interests, with such valid liens, encumbrances, claims, and interests, if any, to attach to the proceeds of the sale in the order of priority established by non-bankruptcy law, subject to all claims of the Trustee. In support of this Motion, the Trustee states as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1. The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested are sections 363(b) and (f) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and S.D. Ind. B-6004-2.

## FACTUAL BACKGROUND

4. On July 13, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee is the duly appointed and acting trustee in this Bankruptcy Case.

5. On the same date, the Debtor's parent company, which owns 100% of the Debtor, Ener1, Inc. ("**Ener1**"), also filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, Case No. 23-02997-RLM-7 (the "**Ener1 Case**"). Deborah J. Caruso (the "**Ener1 Trustee**") is the duly appointed and acting trustee in the Ener1 Case.

6. The Trustee commenced the Section 341 Meeting of Creditors in this Bankruptcy Case on August 22, 2023 and concluded the Section 341 Meeting of Creditors in this Bankruptcy Case on September 19, 2023 (the "**341 Meeting**").

7. The Ener1 Trustee commenced and concluded the Section 341 Meeting of Creditors in the Ener1 Case on September 12, 2023 (the "**Ener1 341 Meeting**"; together, the "**341 Meetings**").

8. During the Ener1 341 Meeting, Ener1's representative testified that the creditors of the Debtor and Ener1 as listed on the respective Schedules were identical because Ener1 did not have any creditors separate and apart from those

creditors of the Debtor. The only difference between the Debtor's Schedules and Ener1's Schedules is that the creditors of Ener1 were listed as being owed $0 while the creditors of Debtor were listed with either an amount or "unknown." Ener1's representative further testified that the Schedules were done this way because Ener1 did not have operations separate from the Debtor, and it was the Debtor that was the operating entity while Ener1 was simply the parent company of Debtor.

9. Since the 341 Meetings, the Ener1 Trustee and the Trustee have worked to obtain information regarding the assets that are property of each respective estate to determine whether the liquidation of these assets will provide a meaningful distribution to unsecured creditors. The Ener1 Trustee and the Trustee have also engaged in extensive research regarding the alleged liens on the assets of Ener1 and EnerDel.

10. Consistent with these efforts, the Trustee filed her Motion to Sell Property Free and Clear of Any Interest by Public Auction with No Previously Identified Initial Bidder [Doc 83] seeking authority to sell all Debtor's assets (the "**Indiana Property**") located at its warehouse and plant at 3619 W. 73rd Street, Anderson, Indiana 46011 (the "**Anderson Plant**") and home office at 2701 Enterprise Dr., Anderson, Indiana (the "**Anderson Office**"; together with the Anderson Plant, the "**Anderson Locations**").

11. The Trustee engaged KD Capital Auctions, LLC to conduct the sale of the Indiana Property. [Docs 86 and 103]. KD Capital Auctions, LLC is completing the sale of the Indiana Property at the time of the filing of this Motion.

3

12. During the process of selling the Indiana Property by public online auction, KD Capital Auctions, LLC engaged with over 200 parties with interest in purchasing Debtor's assets, which assets have a limited number of end users and therefore a limited market for sale.

13. In learning more about Debtor and Debtor's assets during the sale process, information was obtained that would allow the Trustee to sell a certain piece of equipment owned by Debtor that is located in Debtor's previous office space in Irvine, California. Specifically, Debtor owns a BMS Hardware-in-the-Loop Test System located at Debtor's previous office at 18872 MacArthur Boulevard, Suite 110, Irvine, California (the "**Equipment**"). This is the only asset of significant value located in Debtor's previous office space in Irvine, California.

14. Based on the review and analysis of the Equipment and the alleged liens on such assets, and the Trustee determined it is in the best interest of ethe estate and its creditors to liquidate the Equipment by private sale.

15. Contemporaneously with the filing of this Motion, the Trustee is filing her Application to Employ KD Capital Equipment, LLC as broker ("**Broker**"), 7918 E. McClain Dr., #101, Scottsdale AZ 85260, Phone: 480-455-3910, www.kdcapital.com, to broker a private sale of the Equipment.

16. The Broker will conduct a private sale of the Equipment on the terms more specifically set forth in the Engagement Agreement proposed between the Trustee and the Broker attached as **Exhibit A** (the "**Engagement Agreement**") and incorporated herein.

17. In coordination with its effort to sell the Indiana Property, the Broker has identified a buyer for the Equipment that is willing to pay what the Broker believes is a fair market price for the Equipment and will maximize the value of the Equipment for the estate while reducing and minimizing any administrative expenses associated with continuing to own the Equipment. The Broker engaged in negotiations regarding the purchase price for the Equipment with Buyer based on its knowledge of the Equipment and Debtor's scheduled value for the Equipment to arrive at the purchase price.

18. Specifically, the Trustee proposes selling the Equipment to Cuberg, Inc., 2020 Williams St., Unit E, San Leandro, CA 94577 ("**Buyer**") for a gross purchase price of $90,000 ("**Purchase Price**").

19. Debtor is not entitled to assert any exemption in the Equipment.

20. Following a successful sale of the Equipment, the Broker will receive a commission from the of 15% of the gross sale proceeds in addition to a total of $3,000 to cover the expenses associated with preparing to conduct the sale, which will result in net proceeds to the estate of $73,500.

21. The only contingency to the sale of the Equipment to Buyer is Bankruptcy Court approval of the sale.

22. The Equipment will be sold to Buyer "AS IS, WHERE IS, WITH ALL FAULTS" with no representations or warranties of any kind being made to Buyer.

23. On information and belief, a current employee of Buyer, Bob Hong, is the previous head of engineer for Debtor. No other relationship between Buyer and Debtor or the Trustee is known.

24. The sale does not implicate Section 363(b)(1) of the Bankruptcy because the Equipment does not include any personally identifiable information.

25. Because the Debtor is a Delaware entity, the Trustee reviewed the Debtor's Schedules and conducted searches in the Office of the Secretary of State of Delaware to determine what parties may claim an interest in the Equipment.

26. Because Ener1 is a Florida entity, the Ener1 Trustee reviewed Ener1's Schedules and conducted searches in the Office of the Secretary of State of Florida to determine what parties may claim an interest in the Equipment.

27. In addition, although not the proper place to file a UCC-1 Financing Statement against the Debtor or Ener1, the Trustee and the Ener1 Trustee also conducted searches in the Office of the Secretary of State of Indiana to determine what parties may claim an interest in the Equipment.

28. Based on the reasonably diligent inquiry, the Trustee believe the following parties may assert liens, encumbrances, claims or interests in the Personal Equipment:

> (a) Bzinfin, S.A. ("**Bzinfin**") arising from UCC-1 Financing Statement that was filed with the Secretary of State's Office in Delaware on December 2, 2022, as Filing No. 20229958109, asserting a lien against the Debtor's right, title and interest in and to all of the Debtor's assets, equity interests and other collateral as defined in a Loan Agreement (defined below);

6

(b) Bzinfin arising from a UCC-1 Financing Statement that was filed with the Secretary of State's Office in Florida on December 2, 2022, as Filing No. 202203798759, asserting a lien against Ener1's right, title and interest in and to all of Ener1's assets, equity interests and other collateral as defined in the Loan Agreement;

(c) IMFS LLC ("**IMFS**") arising from a UCC-1 Financing Statement that was filed with the Secretary of State's Office in Indiana on July 29, 2021, as Filing No. 202107302810645, asserting a lien against the Debtor's personal property and rights in and to property, tangible and intangible relating to certain sales contracts as defined in a loan agreement dated as of July 22, 2021, between the Debtor and IMFS;

(d) GFE MacArthur Investments, LLC (the "**Landlord**") arising from a lease with the Debtor for Debtor's former office in Irvine, California where the Equipment is located;

(e) Odyne Systems LLC ("**Odyne**") arising from certain alleged propriety information that belongs to Odyne and may be used in connection with the Equipment;

(f) Brookville Equipment Corporation ("**Brookville**") arising from certain alleged propriety information that belongs to Brookville and may be used in connection with the Equipment; and

(g) Komatsu Mining Corp. Group ("**Komatsu**") arising from certain alleged propriety information that belongs to Komatsu and may be used in connection with the Equipment.

(collectively, the "**Interested Parties**").

29. On information and belief, there are no other liens, encumbrances, claims of record, or other interests in connection with the Equipment.

30. The Trustee believes that the Purchase Price from the sale of the Equipment will be sufficient to satisfy the interest, if any, of the Landlord.

31. The Trustee does not believe any alleged propriety information that belongs to Odyne, Brookville, and/or Komatsu will be part of the sale of the Equipment as the sale involves only equipment and not any intellectual property.

7

32. As set forth in detail in the Trustee's motion to sell the Indiana Property [Doc 83], the Trustee and the Ener1 Trustee dispute any alleged lien, encumbrance, claim, or interest held by Bzinfin and/or IMFS in the Equipment and therefore, such alleged interests are subject to a bona fide dispute.

## RELIEF REQUESTED

33. By this Motion, the Trustee requests entry of an Order in a form substantially similar to the proposed order attached as **Exhibit B**, as follows:

   (a) Authorizing the Trustee, on behalf of the Debtor's bankruptcy estate, to sell the Equipment outside the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code at a private sale to Buyer for the Purchase Price;

   (b) Directing that, pursuant to section 363(f) of the Bankruptcy Code, the sale of the Equipment shall be free and clear of all liens, encumbrances, claims and interests (including but not limited to any interest held by the Interested Parties), with all such valid liens, encumbrances, claims and interests attaching to the sale proceeds in the same order, priority, and validity that presently exists, subject to all claims of the Trustee and the Ener1 Trustee;

   (c) Directing the sale of the Equipment be "AS IS, WHERE IS, WITH ALL FAULTS," with no representations or warranties of any kind made by the Trustee;

   (d) Authorizing the Trustee to execute any documentation necessary to effectuate the sale of the Equipment;

   (e) Finding that section 363(f)(3) of the Bankruptcy Code has been satisfied as it relates to any liens, encumbrances, claims or interests held by the Landlord in the Equipment and directing that such interests, if any, be paid from the sale proceeds related to the Equipment;

   (f) Finding that section 363(f)(4) of the Bankruptcy Code has been satisfied as it relates to any purported lien, encumbrances, claim or interest held by Bzinfin and IMFS in the Equipment;

(g) Authorizing the Trustee to disburse from the sale proceeds of the Equipment, first to pay the Debtor's estate's proportionate share of the costs and expenses of the sale as determined by the Trustee, including the Broker's commission and fees and expense reimbursements owed to the Broker of not more than $3,000, which shall remain subject to final Court approval, and second to pay any confirmed valid lien, encumbrances, claim, or interest in the Equipment not otherwise paid from the proceeds of the sale of the Indiana Property;

(h) Authorizing and directing the Trustee to retain the excess proceeds from the sale until further order by the Court; and

(i) Waiving the requirements of Bankruptcy Rule 6004(h).

34. By separate yet contemporaneous application, the Trustee is requesting the Court authorize the employment of the Broker as broker to conduct the sale of the Equipment.

## GROUNDS FOR RELIEF REQUESTED

### A. Sale of the Equipment Pursuant to Section 363(b)

35. After notice and a hearing, section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate outside the ordinary course of business if the debtor has articulated a business justification for the sale. *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (internal citations omitted). The Seventh Circuit has clarified that approval is warranted if it "makes good business sense" (i.e., if "the creditors as a whole … benefit"). *In re Dvorkin Holdings, LLC*, 2016 WL 1029387 at *4 (quoting *Retired Pilots Ben. Prot. Ass'n v. United Airlines, Inc.*, 443 F.3d 565, 571-72 (7th Cir. 2006)).

36. Pursuant to Bankruptcy Rule 6004(f)(1), "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."

9

37.     The Trustee has determined that the sale of the Equipment by private sale to Buyer for the Purchase Price is in the best interest of the bankruptcy estate and its creditors. Without the sale of the Equipment in an efficient manner and free and clear of any interest, administrative expenses of the Debtor's estate will continue to increase, and the Trustee will have limited means to pay for such expenses. The sale of the Equipment will allow the Trustee to continue wind up the business affairs of the Debtor, pay administrative expenses, further investigate the financial affairs of the Debtor to determine what other asset may be available to pay creditors, and likely make a distribution to unsecured creditors, who otherwise would be subject to Bzinfin taking control of Debtor's assets, including the Equipment, and never receive any payment on their claims.

**B. Sale Free and Clear of Any Interest Pursuant to Section 363(f)**

38.     Section 363(f) of the Bankruptcy Code provides that a debtor may sell property under section 363(b) of the Bankruptcy Code "free and clear of any interest in such property of an entity other than the estate, only if— . . . (3) such interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on such property; . . . or (4) such interest is in bona fide dispute.

39.     Although any claims the Landlord may have against Debtor's estate are unliquidated, based on conversations with the Landlord, the Trustee believes that any administrative expenses or claims that could be asserted by the Landlord are limited. To the extent any administrative expenses or claims arising from any

10

interest in the Equipment do exist, it is believed that the Purchase Price is sufficient to any such expenses or claims.

40. Therefore, the Equipment can be sold free and clear of the interests of the the Landlord pursuant to section 363(f)(3) of the Bankruptcy Code.

41. With respect to the purported liens, encumbrances, claims and/or interests of Bzinfin and IMFS, such liens are in bona fide dispute, as set forth above. IMFS failed to properly perfect its security interest in any of its alleged collateral owned by the Debtor, and therefore, does not have a properly perfected secured claim. As for Bzinfin, it is unclear whether Bzinfin is owed anything at all by either the Debtor or Ener1, and if there are amounts owed to Bzinfin, it is unclear what those amounts are or how they were calculated.

42. Additionally, any amounts owed are at best unsecured claims against the Debtor and Ener1 in light of the fact that the Trustee and Ener1 Trustee can avoid, pursuant to section 544 of the Bankruptcy Code, any transfer obtained by Bzinfin pursuant to its lapsed financing statement that was refiled less than one year prior to the Petition Date.

43. Pursuant to section 101(31)(B) of the Bankruptcy Code, an insider of a debtor that is a corporation includes, but is not limited to, a director of the debtor or a person in control of the debtor. Here, based on the currently known facts and the Debtor's own Statement of Financial Affairs, Bzinfin is an insider of the Debtor and Ener1. Accordingly, the perfection of Bzinfin's lien is an avoidable preferential transfer pursuant to section 547 of the Bankruptcy Code.

11

44. Further, given Zingarevich/Bzinfin's long history with the Debtor and Ener1, more likely and at best, any amounts invested by Zingarevich/Bzinfin in either the Debtor or Ener1 are simply that – investments – infusions of equity in an entity it owned until just less than one year prior to the Petition Date and over which it exerted control just prior to the Petition Date.

45. The Seventh Circuit has held that to determine what constitutes a bona fide dispute, "the bankruptcy court must determine whether there is an objective basis for either a factual or legal dispute as to the validity of debt." *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987). "Under this standard, a court need not determine the probable outcome of the dispute, but merely whether one exists." *See In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991) (citing *Busick*, 831 F.2d at 750); *see also In re Smylie Bros. Brewing Co.*, 651 B.R. 252, 260 (Bankr. N.D. Ill. 2023) ("The court need not resolve these issues . . . The existence of an objective basis for these issues, however, means that there is a bona fide dispute as to [creditor's] interest in this estate property. Since there is a bona fide dispute regarding [creditor's] interest, the Trustee may sell property free and clear of that interest.").

46. The purpose behind section 363(f)(4) of the Bankruptcy Code is to allow the sale of property of the estate free and clear of disputed interests so the liquidation of the assets is not unnecessarily delayed while the disputes are being litigated. *Moldo v. Clark (In re Clark)*, 266 B.R. 163, 171 (B.A.P. 9th Cir. 2001).

47. Here, the Trustee has an objective basis to dispute the purported interests held by IMFS and Bzinfin, and therefore, pursuant to section 363(f)(4) of

12

the Bankruptcy Code, the Trustee can sell the Equipment free and clear of any alleged interest held by Bzinfin and/or IMFS.

48. Pursuant to Bankruptcy Rule 6004(f)(1) and S.D. Ind. B-6004-3, in the event this Motion is granted, a report of sale shall be filed by the Trustee in this Bankruptcy Case within fourteen days of the later of the completion of the sale or the last schedule sale date.

49. Pursuant to S.D. Ind. B-6004-1(b), all proceeds from the sale of the Equipment will be held by the Trustee until further order of the Bankruptcy Court.

50. Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the sale, use or lease of property other than cash collateral is stayed until the expiration of fourteen days after entry of the order, unless the court orders otherwise." The Trustee requests the Court order authorizing the sale of the Equipment be effective immediately upon entry of the order to allow the Trustee to timely and expeditious consummate the proposed sale.

## NOTICE

51. Contemporaneously herewith, the Trustee is also filing her Motion to Limit Notice on the Trustee's Motion to Sell Property Free and Clear of Any Interest by Private Sale to Cuberg, Inc., seeking to limited notice of this Motion to the following parties:

    (a) The United States Trustee;

    (b) The Buyer;

    (c) The Ener1 Trustee;

  (d) The Ener1 Trustee's counsel;

  (e) All parties who have requested notice pursuant to Bankruptcy Rule 2002 in this case and in the Ener1 Case;

  (f) All creditors who have filed proofs of claim in this case and the Ener1 Case as of the date of the filing of this Motion; and

  (g) The Interested Parties.

(collectively, the "**Notice Parties**"). In accordance with Bankruptcy Rule 6004(c), this Motion and the related objection notice will be served on the Notice Parties in the manner of service provided for service of a summons and complaint pursuant to Bankruptcy Rule 7004.

  52. Contemporaneously herewith, the Trustee is also filing her Motion to Shorten Notice on the Trustee's Motion to Sell Property Free and Clear of Any Interest by Private Sale to Cuberg, Inc. seeking to shorten the time for parties to object to this Motion to seven days. Such relief is necessary in order for the Broker to consummate the sale to the Buyer and avoid incurring any additional and unnecessary administrative expenses.

  53. If the foregoing motions are granted, the Trustee shall serve this Motion and, the motions to shorten notice, and any orders granting the motions to shorten notice on the Notice Parties by fax, e-mail, hand delivery, or overnight delivery. To the extent counsel for a Notice Party has appeared in this case or the Ener1 case, such counsel shall be substituted for the Notice Party and will be served electronically through the Court's electronic filing system or by email if such counsel has filed a request for notice.

**WHEREFORE**, the Trustee respectfully requests the Court enter an order in a form substantially similar to the proposed order attached as **Exhibit B** and grant the Trustee all other just and proper relief.

Respectfully submitted,

Dated: December 29, 2023

*/s/ Sarah L. Fowler*
Sarah L. Fowler, Attorney No. 30621-49
Jason R. Burke, Attorney No. 19727-49
BLACKWELL, BURKE & FOWLER, P.C.
101 W. Ohio Street, Suite 1700
Indianapolis, IN 46204
Phone: 317-635-5005
Email: sfowler@bbrlawpc.com

*Counsel for Sarah L. Fowler, Chapter 7 Trustee*