UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>ENERDEL, INC., A DELAWARE CORPORATION<br><br>Debtor. | Chapter 7<br><br>Case No. 23-02996-RLM-7 |

### AMENDED APPLICATION TO EMPLOY MODERN INFORMATION SOLUTIONS, LLC TO PROVIDE DATA CONSOLIDATION AND RELATED IT SERVICES TO THE CHAPTER 7 TRUSTEE AS OF NOVEMBER 17, 2023

Sarah L. Fowler ("**Trustee**"), as Chapter 7 Trustee for the bankruptcy estate of EnerDel, Inc., a Delaware Corporation ("**Debtor**"), pursuant to 11 U.S.C. §§ 327(a), 328(a), and Fed. R. Bankr. P. 2014, files her Application to Employ Modern Information Solutions, LLC ("**MIS**") to Provide Data Consolidation and IT Services to the Chapter 7 Trustee as of November 17, 2023 (the "**Application**"). In support of this Application, the Trustee states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. The Trustee is the duly appointed, qualified, and acting Trustee in this Bankruptcy Case.

5. The statutory grounds for the relief sought in this Application are sections 327 and 328 of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## FACTUAL BACKGROUND

6. On July 13, 2023 (the "**Petition Date**"), Debtor filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Indiana (the "**Bankruptcy Court**") as Case No. 23-02996-RLM (the "**Bankruptcy Case**").

7. The Trustee has identified electronic information complied by Debtor in the course of its business that is currently stored on servers located at Debtor's previous principal place of operations at 3619 W 73rd Street, Suite 2, Anderson, IN 46011.

8. The electronic information includes but is not limited to Debtor's software and intellectual property, financial records, electronic communications, and general business operations. All of this information is potentially relevant to the administration of Debtor's bankruptcy estate and must be properly preserved.

9. The Trustee requires the assistance of MIS to provide data consolidation and related IT services with respect to these data centers and the other electronic information.

10. The Trustee and MIS have negotiated the terms on which MIS is willing to provide these services to the Trustee, which terms are set forth in the Non-Managed IT Customers schedule attached as **Exhibit A** and incorporated

2

herein (the "**Rate Schedule**").  MIS proposes that the data consolidation and related services will be performed on an hourly basis on the rates set forth in the Rate Schedule.

## RELIEF REQUESTED

11.     By this Application, the Trustee respectfully requests that this Court enter an Order authorizing and approving the employment of MIS to provide data consolidation and related IT services as of November 17, 2023 upon the terms and conditions set forth in the Rate Schedule.

12.     The Trustee anticipates that the services to be rendered by MIS include, but are not limited to the following services:

   a. Consult with the Trustee or her agents on the consolidation of the Affiliated Debtors' data center infrastructure and data;

   b. Consult with the Trustee or her agents on designing and implementing a plan to maintain key systems and data after consolidation;

   c. Physical removal, preparation for data destruction and/or staging of all data center assets for liquidation; and

   d. Server, storage, and network hardware maintenance and repairs.

13.     MIS will be compensated for its services actually rendered based upon a schedule of hourly rates provided in the Rate Schedule.  MIS rates range from $100 to $300 per hour with higher rates charged for after hours or emergency support.

14. Additionally, MIS will also be entitled to recover its actual and necessary out-of-pocket costs incurred in providing the services set forth herein to the Trustee.

## GROUNDS FOR RELIEF REQUESTED

15. Section 327(a) of the Bankruptcy Code provides, in relevant part, as follows:

> the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

16. Section 328(a) of the Bankruptcy Code goes on to provide, in relevant part, as follows:

> [t]he trustee . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

17. Relatedly, Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the

4

professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

18. In this case, the Trustee has selected MIS to provide data consolidation and related IT services to the Trustee to assist the Trustee in executing her duties at the Chapter 7 Trustee and to properly administer the assets of the estate for the benefit of Debtor's creditors. The Trustee has selected MIS because, among other things, MIS has extensive experience in data consolidation and management, and the Trustee believes that MIS is well-qualified to represent her in this Bankruptcy Case.

19. To the best of the Trustee's knowledge and as disclosed by MIS in the Affidavit of Tino Marquez Jr. in Support of Application to Employ Modern Information Solutions, LLC to Provide Data Consolidation and Related IT Services to the Chapter 7 Trustee (the "**Marquez Affidavit**") attached as **Exhibit B** and incorporated herein, neither MIS nor any of its partners or other professionals hold or represent any interest that is materially adverse to the interests represented by the Trustee.

20. MIS has consulted its internal databases and compared the names of the persons and entities listed on the **Exhibit 1** to the Marquez Affidavit to determine whether MIS may have a potential conflict or connection with the persons or entities listed therein (collectively, the "**Interested Parties**").

21. Subject to the disclosures expressly set forth below and based on the results of its searches, to the best of MIS's knowledge, it does not hold or represent any interest adverse to the estate, and it has no connection with Debtor, Debtor's creditors, any other party in interest, the United States Trustee, or any person employed by the United States Trustee.

22. Based on the foregoing and the information contained in the Marquez Affidavit, MIS is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, in that MIS:

   a. is not a creditor, equity security holder, or insider of Debtor;

   b. is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

   c. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor, or for any other reason.

Therefore, MIS is a "disinterested person" that is well qualified to represent the Trustee in this Bankruptcy Case.

23. Finally, the Trustee believes that the terms on which she proposes to employ MIS are usual and customary for the work to be performed and are squarely in-line with the fees routinely allowed in cases in the Seventh Circuit. The Trustee will also review all fee applications prepared by MIS prior to filing with the Court to ensure all such applications comply with all applicable statutes, case law, and related United States Trustee guidance, including but not limited to the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58).

24. The Trustee requests that if no objections are filed to this Application, that this Application be approved without a hearing on the Application.

**WHEREFORE**, the Trustee requests that the Court enter an Order: (i) authorizing the Trustee to retain and employ Modern Information Solutions, LLC to provide data consolidation and related IT services to the Chapter 7 Trustee as of November 17, 2023; (ii) directing that all fees and reimbursement of expenses be paid as an administrative expense of the estate following application to and approval by the Bankruptcy Court; and (iii) granting the Trustee all other just and proper relief.

Respectfully submitted,

*/s/ Sarah L. Fowler, Chapter 7 Trustee*
Sarah L. Fowler, Chapter 7 Trustee

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 29, 2023, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

      I further certify that on December 29, 2023, a copy of forgoing was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

N/A

                                              */s/ Sarah L. Fowler*
                                              Sarah L. Fowler